# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

DALE S. CHESLER,   Case No. 16-10761-RGM
                   (Chapter 7)
   Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on the chapter 7 trustee's objection to the debtor's homestead exemption in personal property. The trustee argues that the debtor did not fully comply with Va.Code (1950) §34-14 which addresses how personal property is set apart for purposes of the homestead exemption. Va.Code (1950) §34-4. The debtor recorded a homestead deed in 1991 and a second homestead deed in this case. The second homestead deed omitted the information about the first homestead deed which is required by §34-14.

Section 34-4 establishes the homestead exemption. *See also* Va.Code (1950) §34-13 (personal property). Sections 34-6 and 34-14 direct how the exempt property is set aside in real and personal property, respectively. Section 34-14 states:

> §34-14. How set apart in personal estate; form to claim exemption of personal property.
>
> Such personal estate selected by the householder and under §§34-4, 34-4.1, or §34-13 shall be set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof. Such writing shall be admitted to record, to be recorded as deeds are recorded in the county or city wherein such householder resides.
>
> The following form, or one which is substantially similar, shall be used and shall be sufficient, when duly admitted to record in the county or city in which the

1

householder resides, to exempt such described personal property from creditor process: . . .

The statutory form was added to the statute in 1990. Acts of Assembly 1990 c. 942. It simplified the forms attorneys were using and made them uniform. It required only the essentials: the name and address of the householder, whether the householder was a disabled veteran, the names and ages of any dependents, the description of the property claimed as exempt and its value, and, if real property was claimed as exempt, the city or county in which is was located. The form was amended in 2010 to include information about any prior homestead deed that may have been filed. Acts of Assembly 2010 c. 186. The new information included the number of prior homestead deeds filed, the exemption amount previously claimed and the jurisdictions in which the homestead deeds were filed.

The trustee argued that the homestead deed recorded in this case was void because it did not contain the information about the 1991 homestead deed.

Section 34-14 sets out three requirements for an effective homestead deed: (1) the homestead deed must be in writing signed by the householder; (2) it "shall be admitted to record, to be recorded as deeds are recorded in the county or city wherein such householder resides;" and (3) the statutory form, "or one which is substantially similar, shall be used and shall be sufficient." Va.Code (1950) §34-14. The fourth required element is the time within which the homestead deed must be filed. Va.Code (1950) §34-17.

The Court of Appeals for the Fourth Circuit held that "[g]enerally, statutes creating debtors' exemptions must be construed liberally in favor of the debtor and the exemption. Nevertheless, the debtor must comply with procedural requirements, in this case those of § 34–17. *In re Nguyen,* 211

F.3d 105, 110 (4th Cir.2000) (citations omitted).

A debtor must strictly follow the procedures for filing a homestead deed in order to claim the exemption. *In re Heater*, 189 B.R. 629, 633-34 (Bankr. E.D. Va. 1995) (debtors to strictly comply with the statutory requirements); *In re McWilliams*, 296 B.R. 424, 426 (Bankr. E.D. Va. 2002) (debtors must comply strictly with statutory requirements). However, once the deed is properly recorded, it will be liberally construed. *South Hill Production Credit Ass'n. v Hudson,* 174 Va. 284, 287, 6 S.E.2d 668, 669 (1940) (an exemption statute is remedial and must be liberally construed); *Brown's Comm. v. W. State Hosp.*, 110 Va. 321, 66 S.E. 48, 49 (1909) ("A statute exempting property from levy or sale is not to be construed strictly, but to carry out the obvious intent of the lawmaker.") (citation omitted).

The procedural requirement has two components: where and when the homestead deed must be recorded. Both are strictly enforced. For real estate, the homestead deed must be recorded in the city or county where the real estate is located. For personal property, the homestead deed must be recorded in the city or county were the debtor resides. *Zimmerman v. Morgan (In re Morgan),* 689 F.2d 471 (4th Cir. 1982); *In re Tate,* 41 B.R. 946 (Bankr.W.D.Va. 1984) (personal property). Previously, the homestead deed had to be recorded prior to the initially scheduled first meeting of creditors. It is now within five days after the first meeting of creditors. *In re Bernstein,* 189 B.R. 113 (Bankr.W.D.Va. 1995); *In re Nguyen,* 211 F.3d 105 (4th Cir. 2000) (timely delivery to clerk satisfies filing requirement); *In re Ahmed,* 411 B.R. 537 (Bankr.E.D.Va. 2009) (placing the homestead deed in the mail that is not delivered timely to clerk is not sufficient).

The contents of a properly and timely filed homestead deed will be liberally construed in favor of the debtor and the exemption. *Shirkey v. Leake,* 715 F.2d 859 (4th Cir. 1983) (debtor may

3

amend homestead deed to correct year of tax refund claimed as exempt); *Ames v. Custis,* 87 B.R. 415 (Bankr.E.D.Va. 1988) (debtor may amend value of property claimed exempt after the time to file the homestead deed has expired but may not add new items); *In re Waltrip,* 260 F.Supp. 448 (E.D.Va. 1966) (amendment of valuation).

In this case, the homestead deed was timely filed in the proper jurisdiction. The only defect was the information relating to the 1991 homestead deed. The omission of the required information does not invalidate the homestead deed. The information does not relate to the time or place when the homestead deed must be filed – requirements that are strictly construed. It concerns the content of the homestead deed – matters that are liberally construed in favor of the debtor and the exemption. The content may be amended. Values may be increased. The description of the year of a tax refund may be corrected. The inaccuracy or even the omission of the prior homestead deed may similarly be corrected or added. The homestead deed is clear about what the debtor seeks to exempt. The information relating to the prior homestead deed is necessary to determine whether the homestead exemption has been exhausted in whole or in part by a prior homestead deed. It is like the valuation of an item claimed exempt. Like valuation objections, the homestead deed is subject to objection and proof of a prior homestead deed that would cause the claimed exemption to exceed the maximum allowable amount. But its inaccuracy does not invalidate the homestead deed any more than an inaccurate valuation invalidates the homestead deed or the exemption claim of a particular item. Just as an inaccurate valuation exposes the property to the trustee's administration only to the extent that the maximum allowable homestead exemption is exceeded, the information relating to prior homestead deeds would invalidate claims of exemption only to the extent that they exceed the maximum allowable homestead exemption.

The debtor timely requested leave to amend the homestead deed so that it will conform to the statutory form. The homestead deed can be freely amended without the necessity of leave of court. While leave of court is not generally necessary to amend the homestead deed or Schedule C, it will be granted. Of course, once an order sustaining an objection is entered, the order becomes the law of the case. In this instance there is no such order and the debtor's motion for leave to amend the homestead deed will be granted.

Alexandria, Virginia
September 27, 2016

    /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically:

Klinette H. Kindred
Gregory H. Counts
Linda D. Regenhardt

19544